

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 3 2007

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| ROBERT ARMSTRONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| OCWEN LOAN SERVICING, LLC, AS | ) | |
| SUCCESSOR BY MERGER WITH | ) | |
| OCWEN FEDERAL BANK, FSB, | ) | **3-07CV1571-D** |
| WELLS FARGO BANK MINNESOTA, | ) | |
| N.A., AS TRUSTEE FOR AMRESCO | ) | |
| RESIDENTIAL SECURITIES | ) | |
| CORPORATION MORTGAGE LOAN | ) | |
| TRUST 1998-3, UNKNOWN HOLDERS | ) | |
| AND/OR OWNERS OF RESIDUAL | ) | |
| INTEREST IN SECURITIZATION OF | ) | |
| THE AMRESCO RESIDENTIAL | ) | |
| SECURITIES CORPORATION | ) | |
| MORTGAGE LOAN TRUST 1998-3, | ) | |
| RANDY DANIEL, AND SANDRA L. | ) | |
| DASIGENIS, SUBSTITUTE TRUSTEES, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank

FSB, ("Ocwen"), and Wells Fargo Bank, N.A.,[1] successor by merger to Wells Fargo Minnesota,

N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for Amresco Residential

Securities Corporation Mortgage Loan Trust 1998-3 ("Wells Fargo") respectfully notify the

Court pursuant to 28 U.S.C. § 1441 that they have this day removed this action from the County

Court at Law, Kaufman County, Texas, to this Court. In support of their removal, Ocwen and

---

[1] Incorrectly named Wells Fargo Bank Minnesota, N.A. Wells Fargo Bank, N.A., successor by merger to Wells
Fargo Minnesota, N.A., is defending all claims against Wells Fargo Bank Minnesota, N.A.

Wells Fargo submit this notice. Removal is based on the grounds that diversity jurisdiction exists over this action because there is complete diversity between plaintiff and all relevant defendants and the amount in controversy exceeds $75,000. Removal is also based on the grounds that federal question jurisdiction exists over this action because it involves claims that necessitate the resolution of substantial, disputed questions of federal law.

### BACKGROUND

1.      This action was originally filed as Cause No. 74199CC in the County Court at Law, Kaufman County, Texas on August 20, 2007. A certified copy of the Docket Sheet from Cause No. 74199CC in the County Court at Law, Kaufman County, Texas is attached hereto as Exhibit A. True and correct copies of all pleadings filed in the state court are attached hereto as Exhibits B-1 through B-3.

2.      Ocwen was served on August 27, 2007. Sandra L. Dasigenis was served on August 30, 2007. Sandra L. Dasigneis consents to the removal of this cause. (Consent to Removal attached as Exh. C). Wells Fargo and Randy Daniel have not yet been served. This removal is therefore timely because it has been filed within 30 days of service as required by 28 U.S.C. § 1446(b).

3.      All defendants that have been served consent to removal of this action to federal court. Because Randy Daniel has not yet been served, his consent to removal is not necessary. *See McCrary v. Kansas City Southern R.R.*, 121 F. Supp. 2d 566, 570 (E.D. Tex. 2000) ("Simply put, a defendant who has not been properly served need not consent to the notice of removal.")

4.      Plaintiff's complaint alleges a variety of claims relating to Ocwen's servicing of and eventual foreclosure on plaintiff's mortgage loans. (*See, e.g.*, Compl. ¶¶ 16-19.) This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed

originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. § 1332 and

the federal question jurisdiction conferred by 28 U.S.C. § 1331. Supplemental jurisdiction exists

with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

### DIVERSITY JURISDICTION

5.      Federal diversity jurisdiction exists over this removed action pursuant to 28

U.S.C. § 1332 because all relevant parties are diverse and the amount in controversy exceeds

$75,000.

### THERE IS COMPLETE DIVERSITY AMONG ALL PARTIES

6.      There is diversity of citizenship among all relevant parties.    Plaintiff Robert

Armstrong is a citizen of Texas.  (*See* Compl. ¶ 2.)

7.      Ocwen is a citizen of Florida.  As of June 30, 2005, Ocwen Federal Bank FSB

voluntarily dissolved, and its mortgage servicing business was transferred to Ocwen Loan

Servicing, LLC.   (*See* Declaration of Chomie Neil ("Neil Decl.") ¶ 2 (attached at Exh. C).)

Ocwen Loan Servicing, LLC is a limited liability company.   For diversity purposes, "several

district courts within the Fifth Circuit have determined the citizenship of a limited liability

company by looking to the citizenship of its members." *Blanchard v. Wal-Mart Stores Tex., L.P.*

368 F. Supp. 2d 621, 625 (E.D. Tex. 2005) (explaining that the majority of federal appellate

courts determine citizenship of limited liability companies in the same manner); *see also Rolling*

*Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).  The

sole member of Ocwen Loan Servicing, LLC is Ocwen Financial Corporation, which is a citizen

of Florida. (*See* Neil Decl. ¶ 3.)

8.      Wells Fargo is a national banking association incorporated under the laws of the

United States. Wells Fargo's principal place of business, as designated in its articles of

association, is located in South Dakota. National banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. "[T]he definition of 'located' is limited to the national bank's principal place of business and the state listed in its organization certificate and its articles of association." *Horton v. Bank One, N.A.,* 387 F.3d 426, 436 (5th Cir. 2004); *see also Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 307 (2006). Wells Fargo is therefore a citizen of South Dakota for purposes of diversity jurisdiction.

9. While defendants Randy Daniel and Sandra L. Dasigenis (collectively "the Substitute Trustees") are citizens of Texas, their citizenship is not relevant for purposes of assessing diversity because the complaint reveals that Plaintiff's claims against the Substitute Trustees are based solely on their status as agents for Ocwen and because they have been fraudulently joined in this action.

10. In the complaint, Plaintiff alleges that Randy Daniel and Sandra L. Dasigenis acted as substitute trustees in connection with the foreclosure sale of Plaintiff's home. (Compl. ¶ 8.) [2]

11. "[I]t is commonly understood that attorneys are agents of their clients," *see Martin v. State,* 1999 Tex. App. LEXIS 1354 (Tex. App. Feb. 26, 1999), and foreclosure trustees are also regarded as agents. *See Bonilla v. Roberson,* 918 S.W.2d 17, 21 (Tex. App. 1996).

12. Plaintiff acknowledges that the citizenship of persons sued in their capacity as agents for a disclosed principal is disregarded for purposes of assessing diversity of citizenship. (*See* Compl. ¶ 8.) Courts have held that where both a principal and its agents are named as

---

[2] In a case involving similar claims against Ocwen filed and prosecuted by the same counsel, the plaintiff included the foreclosure substitute trustees among the defendants. *Davis v. Ocwen Federal Bank FSB,* et al., No. 04-CV-1469 (District Court of Galveston County, Texas). At trial, however, it became clear that the plaintiff did not actually intend to seek relief against the substitute trustees. (*See* Trial Transcript at 61 (attached at Exh. D) ("Mr. Hilliard ... just told you that my clients [the substitute trustees] did nothing in this case. I'm not about to argue with that.")

defendants, only the citizenship of the principal is considered in assessing diversity of citizenship. *See e.g., Associated Ins. Mgmt. Corp. v. Arkansas Gen. Agency*, 149 F.3d 794, 796 (8th Cir. 1998) (holding that for diversity purposes, "the citizenship of an agent … must be ignored"); *Airlines Reporting Corp. v. S&N Travel*, 58 F.3d 857, 862 (2d Cir. 1995) (same); *Littleton v. American Bankers Life Ins. Co. of Florida*, 289 F. Supp. 2d 776, 781 (S.D. Miss. 2003) (to same effect); *Ross v. First Family Finance Serv., Inc.*, 2002 U.S. Dist. LEXIS, at *10-11 (N.D. Miss. Aug. 26, 2002) (same).

13.     In an effort to avoid diversity jurisdiction, plaintiff has attempted to obscure the status of the Texas substitute trustee defendants by alleging that they "are not sued solely in their capacity as agents of Ocwen, but, rather, are also sued in their individual, rather than representative, capacities as substitute trustees with regard to the wrongful foreclosure." (*See* Compl. ¶ 8.) Yet, by definition, a trustee *is* an agent, holding property "in trust *for the benefit of another.*" Black's Law Dictionary (8th ed. 2004) (emphasis added). Merely injecting the term "individual capacity" into the complaint does not eliminate the agency relationship that exists as a matter of law between the substitute trustee defendants and Ocwen. Because the Substitute Trustee defendants are inescapably and by operation of law the agents of Ocwen, and have no other legal connection to Plaintiff's mortgage loan whatever, the citizenship of the Substitute Trustee defendants is irrelevant for purposes of assessing diversity jurisdiction.

14.     Removal is also proper on the independent ground that the Substitute Trustees are improperly joined and their citizenship should be disregarded for diversity purposes. Texas law provides that substitute trustees may not be proper parties in an action challenging the propriety of mortgage foreclosures. *See* Tex. Property Code Ann. § 51.007(a) (2005). Again, Plaintiff has attempted to avoid diversity jurisdiction by alleging that the Substitute Trustees had an

"independent duty … to act with complete impartiality with regard to any foreclosure." (Compl. ¶ 8.) Plaintiff argues that the existence of such a duty provides a basis for liability against the Substitute Trustees. (*Id.*) However, that contention is belied by Plaintiff's complaint, which asserts no claim to which the duty of impartiality or breach thereof could be relevant. Because it is plain that the allegations relating to the Substitute Trustees asserted in Plaintiff's complaint do not support a cause of action against them, the Substitute Trustees have been improperly joined and their citizenship must be disregarded. *Guillory v. PPG Indus.*, 434 F.3d 303, 308, 313 (5th Cir. 2005); *cf. Crockett v. R. J. Reynolds Tobacco Co.*, 2006 U.S. App. LEXIS 1390 *7-9 (5th Cir. Jan. 13, 2006).

15.    There is complete diversity between the plaintiff and all relevant defendants in this matter. Plaintiff is a citizen of Texas. Ocwen is a citizen of Florida and Wells Fargo is a citizen of South Dakota. Because the citizenship of Randy Daniel and Sandra L. Dasigenis must be disregarded for jurisdictional purposes, there is complete diversity among the relevant parties. *See* 28 U.S.C. § 1332(a)(1).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16.    Plaintiff's complaint also meets the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

17.    In the complaint, Plaintiff asserts eight causes of action against the defendants, including intentional tort claims for intentional infliction of emotional distress and violations of Texas debt collection laws. (*See* Compl. Counts A-H.) He contends, among other things, that Ocwen wrongfully instituted foreclosure proceedings against him; demanded more than was actually due to avoid foreclosure; failed to accept payments and pretended that lack of payment was a default; and harassed him concerning payment of sums he did not owe. (*See* Compl. ¶¶

21, 24, 31.)  For these alleged wrongs (which Ocwen emphatically denies), Plaintiff seeks an unlimited amount of compensatory and punitive damages.

18.     Where, as here, a plaintiff seeks recovery of an indeterminate amount, diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003) (quoting *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). This burden may be met if "it is facially apparent" from the complaint that the plaintiff's claims "are likely" to exceed $75,000, exclusive of interest and costs.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  The determination of whether jurisdiction is "facially apparent" is "left in part to the court's intuition and common sense."  *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593, 595 (E.D. Tex. 1996).  Where jurisdiction is not "facially apparent," the removing defendant may use "summary judgment-type evidence" to establish that the amount in controversy exceeds $75,000.  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). Jury verdicts in similar cases constitute competent evidence that the jurisdictional amount requirement has been met.  *See, e.g., Amos v. Citifinancial, Inc.*, 243 F. Supp. 2d 587, 590-91 (N.D. Miss. 2003) (denying motion to remand and noting that "cases involving consumer loan disputes in Mississippi have resulted in jury verdicts for punitive damages in the millions").

19.     While Plaintiff's complaint does not specify an amount of requested damages, it nonetheless is facially apparent that the damages claimed exceed the $75,000 jurisdictional threshold.  In a case involving similar claims against Ocwen recently tried to verdict, the total jury award (even after application of statutory damages caps) exceeded $1 million.  *See Davis v. Ocwen Federal Bank FSB*, et al., No. 04-CV-1469 (District Court of Galveston County, Texas). For jurisdictional purposes, the amount in controversy includes punitive damages.  *See St. Paul*

*Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 n.7 (5th Cir. 1998). Other jury verdicts in Texas relating to consumer loan disputes have resulted in punitive damages awards far exceeding the jurisdictional minimum. *See, e.g., Garcia v. W.M.C. Mortgage Co.*, No. 2000-CI-90121, 73rd District of Bexar County, Texas (jury awarded $460,000 in punitive damages for violations of the Deceptive Trade Practices Act and the Truth in Lending Act relating to plaintiff's home mortgage loan); *Home Loan Corp. v. Thompson*, No. 2001-46491, 215th Judicial District, Harris County, Texas (jury awarded $550,000 in punitive damages for fraud and contract claims relating to plaintiff's home mortgage loan); *Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas (jury verdict included $2 million in punitive damages against bank for fraud claims and threats of foreclosure relating to plaintiff's home mortgage loan); *Brown v. Spencer Mortgage & Investments*, No. DV-99-02185-C, 68th Judicial District of Dallas County, Texas (bench trial award of $343,332 for mental anguish for fraud claims relating to refinance and wrongful foreclosure of plaintiff's home). Ocwen categorically denies that Plaintiff is entitled to an award of damages in any amount whatever, but there can be no question that Plaintiff's complaint places an amount in controversy that significantly exceeds $75,000.

20.     In addition to damages, Plaintiff claims a statutory entitlement to attorneys' fees. (Compl. ¶ 43.) Attorneys' fees claimed under a statutory provision are included as part of the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981) (citing *Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199 (1933)). In Plaintiff's counsel's recent similar case against Ocwen, counsel argued for an award of attorney's fees totaling $2,760,525, and the jury returned a verdict that included attorneys' fees in the hundreds of thousands of dollars. *Davis v. Ocwen Federal Bank FSB*, et al., No. 04-CV-1469 (District Court of Galveston

County, Texas). Similar cases have awarded attorneys' fees exceeding the jurisdictional minimum. *See, e.g., Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas (jury verdict included $570,000 in attorneys' fees against bank for fraud claims and threats of foreclosure relating to plaintiff's home mortgage loan). Given the complexity of plaintiff's allegations, the likelihood of significant motion practice (including motions to dismiss, summary judgment motions, and others), and the presence of multiple defendants, Plaintiff's attorneys' fee claim alone places in controversy an amount that exceeds $75,000. For this independent reason, it is facially apparent from the complaint that Plaintiff's claims exceed the jurisdictional threshold.

## FEDERAL QUESTION JURISDICTION

21. Federal question jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims the resolution of which will necessitate adjudication of substantial, disputed questions of federal law.

22. Even where a particular claim does not arise directly under federal law and is not completely preempted, it is removable to federal court if it depends on the resolution of substantial predicate questions of federal law. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2367 (2005). Federal question jurisdiction exists because Plaintiff's claims depend on the determination of Plaintiff's rights and defendants' duties, if any, under federal law.

23. Plaintiff alleges that the Ocwen defendants "fail[ed] to provide Plaintiff timely and clear information about the timing and amount of payments owed." (Compl. ¶ 21(b).) The duty of creditors to disclose the "number, amount, and due dates or period of payments scheduled to repay the total of payments" is created by the federal Truth-in-Lending Act

("TILA"). *See* 15 U.S.C. § 1638(a). Plaintiff's claim that this duty was breached thus depends on the existence, scope, and breach of the defendants' duty, if any, under TILA. *See Gandy v. The Peoples Bank and Trust Co.*, 1998 U.S. Dist. LEXIS 11410, at *11 (S.D. Miss. 1998) (denying remand because "to vindicate plaintiff's putative state law claims, this court must necessarily construe the TILA"); *see also In re Ocwen Federal Bank Mort. Serv. Litig*, 1:02cv06818, slip op. at 2 (N.D. Ill. Aug 22, 2005) (denying remand because allegations that Ocwen failed to disclose fees raised substantial federal question regarding the scope of its disclosure duties under TILA).

24.     In the complaint, Plaintiff alleges that Ocwen "demand[ed] more than is actually due to avoid foreclosure." (Compl. ¶ 21(g).) The duty not to falsely represent the "the character, amount, or legal status of any debt" is created by the federal Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692e(2). Plaintiff's claim that this duty was breached thus depends on the existence, scope, and breach of defendants' duties, if any, under FDCPA.

25.     Plaintiff alleges that Ocwen failed to "verify the debt on the request of Plaintiff;" provided "inconsistent accounting information on the amount of the debt;" and "generally fail[ed] to cooperate in allowing Plaintiff to refinance or sell his home." (Compl. ¶ 33.) The federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, creates a "[d]uty of [a] loan servicer to respond to borrower inquiries." 12 U.S.C. § 2605(e). Under RESPA, after receipt of a borrower's inquiry, the loan servicer is required to provide a written explanation or clarification of the information requested. *See id.* Plaintiff's claim that this duty was breached thus depends on the existence, scope, and breach of Defendants' duties, if any, under RESPA.

26.     In these and other respects, the claims asserted in Plaintiff's complaint necessitate the resolution of substantial, disputed questions of federal law sufficient to confer federal subject-matter jurisdiction on this Court.

27.     Plaintiff's putative disclaimer of "rights and causes of action under any federal law" cannot affect the removability of this action because, as federal courts have consistently held, even causes of action pled entirely under state law are removable if the right to relief under state law will necessarily involve the resolution of a substantial question of federal law. *E.g.* *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (finding jurisdiction under substantial federal question doctrine based on "commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law").

## VENUE

28.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the County Court at Law, Kaufman County, the forum in which the removed action was pending.

## NOTICE

29.     Concurrently with the filing of this Notice, Ocwen will file a copy of this Notice of Removal in Cause No. 74199CC in the County Court at Law, Kaufman County, Texas.

30.     The contents of Exhibit B constitute the entire file of Cause No. 74199CC in the County Court at Law, Kaufman County, Texas.

Dated: September 13, 2007

Respectfully submitted,

By: *Mark D. Cronenwett* w/ perm. by LLS

**MARK D. CRONENWETT**
Texas Bar No. 00787303
Lead Attorney
Admitted in the Northern District

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2151
(214) 672-2351 (Fax)

**LINDSAY L. STANSBERRY**
Texas Bar No. 24041968
Admitted in the Northern District

**COWLES & THOMPSON, P.C.**
1202 First Place
Tyler, TX 75702
(903) 596-9000
(903) 596-9005 (Fax)

ATTORNEYS FOR DEFENDANTS
OCWEN LOAN SERVICING, LLC, SUCCESSOR
IN INTEREST TO OCWEN FEDERAL BANK
FSB, WELLS FARGO BANK, N.A., AS
TRUSTEE

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Notice of Removal was served by certified mail, return receipt requested, on this the 13th day of September, 2007 on the following:

William H. Oliver, Esq.
Pipkin, Oliver & Bradley, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, Texas  78209

Robert C. Hilliard, Esq.
Hilliard & Munoz, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, Texas  78401

Edward M. Carstarphen, Esq.
Ellis, Carstarphen, Dougherty & Coldenthal, P.C.
5847 San Felipe, Suite 1900
Houston, Texas 77057

Lindsay L. Lambert
Hughes Watters Askanase, LLP
Three Allen Center
333 Clay, 29th Floor
Houston, TX  77002

LINDSAY L. STANSBERRY

## List of All Known Counsel of Record

For Plaintiff Robert Armstrong

William H. Oliver, Esq.
Pipkin, Oliver & Bradley, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, Texas  78209
210.820.0082 (Phone)
210.820.0077 (Fax)

Robert C. Hilliard, Esq.
Hilliard & Munoz, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, Texas  78401
361.882.1612 (Phone)
361.882.3015 (Fax)

Edward M. Carstarphen, Esq.
Ellis, Carstarphen, Dougherty & Coldenthal, P.C.
5847 San Felipe, Suite 1900
Houston, Texas 77057
713.647.6800 (Phone)
713.647.6884 (Fax)

For Defendants Ocwen Loan Servicing, LLC, Successor in Interest to Ocwen Federal Bank FSB ("Ocwen") and Wells Fargo Bank, N.A., successor by merger to Wells Fargo Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for Amresco Residential Securities Corporation Mortgage Loan Trust 1998-3

Mark D. Cronenwett,
Lead Attorney
COWLES & THOMPSON, PC
901 Main St., Suite 4000
Dallas, TX 75202
214.672.2000 (Phone)
214.672.2020 (Fax)

Lindsay L. Stansberry
COWLES & THOMPSON, PC
1202 First Place

Tyler, TX 75702
903.596.9000 (Phone)
903.596.9005 (Fax)

<u>For Defendant Sandra L. Dasigenis, Substitute Trustee</u>
Lindsay L. Lambert
Hughes Watters Askanase, LLP
Three Allen Center
333 Clay, 29th Floor
Houston, TX  77002
713.759.0818 (Phone)
713.759.6834 (Fax)

## INDEX OF DOCUMENTS ATTACHED

Exhibit A     Certified Copy of the Docket Sheet for Cause No. 74199CC in the County Court at Law, Kaufman County, Texas

Exhibit B     Pleadings in Cause No. 74199CC in the County Court at Law, Kaufman County, Texas

      B-1     Plaintiff's Original Petition and Request for Disclosure, filed August 20, 2007

      B-2     Special Exceptions and Original Answer of Ocwen Loan Servicing, LLC, Successor in Interest to Ocwen Federal Bank, FSB , Wells Fargo Bank, N.A., as trustee, filed September 7, 2007

      B-3     Defendant Sandra L. Dasigenis' Original Answer, Verified Denial, and Affirmative Defenses, filed September 13, 2007

Exhibit C     Consent to Removal by Sandra L. Dasigenis

Exhibit D     Declaration of Chomie Neil

Exhibit E     Trial Transcript excerpt, Cause No. 04CV1469 in the 212th Judicial District Court for Galveston County, Texas

# EXHIBIT A

# Civil Docket

Cause Number: 74199CC

Case Type: Other Civil

Robert Armstrong Vs. Ocwen Loan Servicing, LLC, as Successor By Merger With Ocwen Federal Bank, FSB, Wells Fargo Bank Minnesota, N.A. as Trustee For Amresco Residential Securities Corporation Mortgage Loan Trust 1998-3, Unknown Holders and/or Owners of Residential Interest in Securitization of the Amresco Residential Securities Corp. Mortgage Loan Trust, 1998-3, Carolyn A. Taylor, Randy Daniel, Sandra L. Dasigenis and Hughes, Watters & Askanase, LLP

Plaintiff Attorney: **William H. Oliver**

Defense Attorney:

File Date : 08/02/2007

| Month | Day | Year | Orders of the Court |
|-------|-----|------|---------------------|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

THE STATE OF TEXAS
COUNTY OF KAUFMAN

I, Sandra Featherston, District Clerk of Kaufman County, Texas do hereby certify this is a true and correct copy filed in the records of the Kaufman County District Clerk's Office. Given under my hand and seal of said office on this _____ day of _____, _____.

SANDRA FEATHERSTON, DISTRICT CLERK
Kaufman County, Texas

By: _____ DEPUTY

# EXHIBIT B-1

CAUSE NO. 74199CC

| | | |
|---|---|---|
| **ROBERT ARMSTRONG**<br>    **Plaintiff,** | § | IN THE COUNTY COURT AT LAW |
| | § | |
| **v.** | § | |
| | § | |
| **OCWEN LOAN SERVICING, LLC, AS** | § | |
| **SUCCESSOR BY MERGER WITH** | § | |
| **OCWEN FEDERAL BANK, FSB,** | § | |
| **WELLS FARGO BANK MINNESOTA,** | § | |
| **N.A., AS TRUSTEE FOR AMRESCO** | § | **OF KAUFMAN COUNTY, TEXAS** |
| **RESIDENTIAL SECURITIES** | § | |
| **CORPORATION MORTGAGE LOAN** | § | |
| **TRUST 1998-3, UNKNOWN HOLDERS** | § | |
| **AND/OR OWNERS OF RESIDUAL** | § | |
| **INTEREST IN SECURITIZATION OF** | § | |
| **THE AMRESCO RESIDENTIAL** | § | |
| **SECURITIES CORPORATION** | § | |
| **MORTGAGE LOAN TRUST 1998-3,** | § | |
| **RANDY DANIEL and SANDRA L.** | § | |
| **DASIGENIS, SUBSTITUTE TRUSTEES** | § | |
|     **Defendants.** | | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ROBERT ARMSTRONG (herein referred to as "Plaintiff"), Plaintiff herein,

and files this, his First Amended Original Petition complaining of OCWEN LOAN SERVICING,

LLC, AS SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, WELLS FARGO

BANK MINNESOTA, N.A., AS TRUSTEE FOR AMRESCO RESIDENTIAL SECURITIES

CORPORATION MORTGAGE LOAN TRUST 1998-3, UNKNOWN HOLDERS AND/OR

OWNERS OF RESIDUAL INTEREST IN SECURITIZATION OF THE AMRESCO

RESIDENTIAL SECURITIES CORPORATION MORTGAGE LOAN TRUST 1998-3, RANDY

DANIEL and SANDRA L. DASIGENIS, SUBSTITUTE TRUSTEES, (hereinafter collectively

---

referred to as "Defendants") and would show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.     The nature of this cause is such that discovery should be conducted under Discovery Control Plan – Level 2, pursuant to Tex.R.Civ.P. 190.2.

## II.
## PARTIES

2.     Plaintiff Robert Armstrong is an individual who resides in Kaufman County, Texas.

3.     Defendant OCWEN LOAN SERVICING, LLC, AS SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, (Ocwen Loan Servicing, LLC, as Successor by Merger with Ocwen Federal Bank, FSB, is referred to herein as "Ocwen") is, upon information and belief, a Delaware limited liability company. Ocwen Loan Servicing, LLC's principal place of business is located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409. Ocwen Loan Servicing, LLC may be served with process in this lawsuit by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

4.     Defendant WELLS FARGO BANK MINNESOTA, N.A., AS TRUSTEE FOR AMRESCO RESIDENTIAL SECURITIES CORPORATION MORTGAGE LOAN TRUST 1998-3, ("Wells Fargo") is a national bank organized and doing business under the laws under the United States of America and may be served with citation in this action by serving its Registered Agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701., by certified mail, return receipt requested.

5.     Defendants UNKNOWN HOLDERS AND/OR OWNERS OF RESIDUAL INTEREST IN SECURITIZATION OF THE AMRESCO RESIDENTIAL SECURITIES

CORPORATION MORTGAGE LOAN TRUST, 1998-3 ("Unknown Holders") are, upon information and belief, those individuals and/or entities that own or hold the residual interest in the securitization of the mortgage loans that include the mortgage loan of Plaintiff. The current identity and location of these individuals and/or entities are presently unknown; however, Plaintiff expects this information to be disclosed during discovery.

6.    Defendant RANDY DANIEL is, upon information and belief, a Texas resident who may be served with citation in this action by serving him at his place of residence, 110 McDonald Dr., Athens, Texas, 75751, or wherever else he may be found.

7.    Defendant SANDRA L. DASIGENIS is, upon information and belief, a Texas resident who may be served with citation in this action by serving her at her place of residence, 1015 Cardinal Avenue, Sugar Land, Texas 77478, or wherever else she may be found.

### III.
### No Diversity Jurisdiction

8.    Defendants Randy Daniel and Sandra L. Dasigenis are not sued solely in their capacity as agents of Ocwen, but, rather, are also sued in their individual, rather than representative, capacities as substitute trustees with regard to the wrongful foreclosure of Plaintiff's property. Because of the independent duty of substitute trustees to act with complete impartiality with regard to any foreclosure, any claims against such Defendants provide an independent basis of liability against them that is separate and distinct from any liability arising from their status as agents of Ocwen. The Texas residence of these independently culpable substitute trustee Defendants therefore precludes any attempted removal of this case to federal court based upon alleged diversity jurisdiction.

### No Federal Subject Matter Jurisdiction

9.    Plaintiff expressly disclaims any rights and causes of action under any federal law,

choosing instead to base all claims and causes of action entirely on the common law and statutes of the State of Texas.

### No Claims Related to Claims in Multi-District Litigation; No Class Actions

10.    Plaintiff does not assert that any fees, charges, insurance placements, notices, or forbearance agreements are, in and of themselves, illegal. Plaintiff's suit does not seek to alter or supplement the federal regulatory scheme applicable to Defendants. Instead, Plaintiff claims that, with regard to him, Defendants acted with wrongful and evil intent to accomplish a wrongful foreclosure. The claims in this suit are therefore based only on the common law and statutes of the State of Texas as applied to the facts of this particular Plaintiff's case.

### Jurisdiction and Venue

11.    This Court has jurisdiction over Defendants Ocwen and Wells Fargo, by virtue of the fact that they own property in the State of Texas, and/or do business in the State of Texas, including owning and servicing of loans, which necessarily involves contracting with Texas residents by mail or otherwise when at least one of the parties is to perform the contract in Texas. Further, Ocwen and Wells Fargo have committed the torts as set forth herein below in whole or in part in Texas.

12.    Defendants Randy Daniel and Sandra L. Dasigenis are residents of the State of Texas and, therefore, subject to personal jurisdiction.

13.    Venue is mandatory in Kaufman County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code § 15.011 as the suit involves recovery of real property and removal of encumbrances on real property located in Kaufman County, Texas. Venue is proper pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a) (1), as Kaufman County, Texas, is where all or a substantial part of the events or omissions occurred, including the wrongful foreclosure described below. Venue is also proper as to all of the Defendants under Tex. Civ. Prac. & Rem. Code § 15.005, as the claims or actions against

each of them arose out of the same transaction or occurrence, or series of transactions or occurrences.

## The Discovery Rule, Fraudulent Concealment, and Continuous Tort

14.     Plaintiff pleads the discovery rule specifically in response to, and as an affirmative defense to, any such pleas of statute of limitations as may be made. Plaintiff alleges and asserts that he neither discovered, nor through reasonable diligence should have discovered, the claims or facts underlying his claims within any applicable limitations period, if any.

15.     In addition, Plaintiff pleads the affirmative defenses of fraudulent concealment and continuous tort to any such pleas of statute of limitations as may be made. Defendants' fraudulent concealment and continuous torts defer the accrual period, if any, of Plaintiff's causes of action.

## IV.
## Statement of Facts

16.     Ocwen is in the business of servicing mortgages and loans, which in general includes collecting mortgage and loan payments on behalf of mortgage and loan holders. In reality, however, Ocwen's intent is to wrongfully place mortgages and loans into default so that the properties which secure those mortgages and loans can be wrongfully foreclosed. Ocwen's practices include paying financial incentives to its staff of loan collectors for moving properties with equity into foreclosure. Ocwen also fails to give borrowers credit for payments as and when they are made. Plaintiff has been the victim of Ocwen's wrongful conduct.

17.     Plaintiff's property at 201 North Wilson, Kaufman, Kaufman County, Texas 75142 (the "Property") was wrongfully foreclosed upon by Defendants without just, legal or equitable cause. Defendants' conduct with regard to the wrongful foreclosure of Plaintiff's property was extreme and outrageous, and a violation of the following statutes and/or constitutes a basis for the following claims.

---

**PLAINTIFF'S FIRST AMENDEDORIGINAL PETITION AND
REQUEST FOR DISCLOSURE**                                        **PAGE 5**

18.     Defendants Randy Daniel and Sandra L. Dasigenis acted as Substitute Trustees in connection with the wrongful foreclosure of Plaintiff's property and, in doing so, breached the independent duty of substitute trustees to act with complete impartiality with regard to a foreclosure.

19.     Wells Fargo purchased Plaintiff's property at the foreclosure sale for grossly less than its market value, thereby depriving Plaintiff of the equity that he had built in his property.  Upon information and belief, Wells Fargo and Unknown Holders reaped the equity wrongfully taken from Plaintiff.

## V.
## Causes of Action

### A.     Wrongful Foreclosure and Declaratory Action

20.     Plaintiff re-alleges each of the allegations in paragraphs 1 through 19.

21.     Defendants committed a wrongful foreclosure by virtue of one or more of the following wrongful acts:

(a)     failing to accept payments and pretending that a lack of payment was a default;

(b)     failing to provide Plaintiff timely and clear information about the timing and amount of payments owed;

(c)     misapplying payments received;

(d)     failing to comply with contractual and/or statutory notice provisions regarding foreclosure;

(e)     continuing with efforts to foreclose and evict Plaintiff despite the fact that Plaintiff has been wrongfully prevented from curing the claimed defaults;

(f)     continuing efforts to foreclose and evict Plaintiff despite the fact that Plaintiff has attempted to refinance and pay off the debt but has been prevented from refinancing and paying off the claimed debt; and

(g)     demanding more than is actually due to avoid foreclosure.

22.     There is no legal or rightful basis for these acts of Defendants in connection with the wrongful foreclosure of Plaintiff's property.  In addition to actual and punitive damages, Plaintiff seeks a declaratory judgment that the foreclosure was wrongful, of no effect and void and that the property properly and legally lies with Plaintiff.

### B.     Breach of Contract

23.     Plaintiff re-alleges each of the allegations of paragraphs 1 through 22.

24.     Defendants have committed a breach of contract by virtue of one or more of the following actions:

(a)     failing to accept payments and pretending that a lack of payment was a default;

(b)     failing to provide Plaintiff timely and clear information about the timing and amount of payments owed;

(c)     misapplying payments received;

(d)     failing to comply with contractual and/or statutory notice provisions regarding foreclosure;

(e)     continuing with efforts to foreclose and evict Plaintiff despite the fact that Plaintiff has cured the claimed defaults, and/or been wrongfully prevented from curing the claimed defaults;

(f)     continuing efforts to foreclose and evict Plaintiff despite the fact that Plaintiff has attempted to refinance and pay off the debt but has been prevented from refinancing and paying off the claimed debt; and

(g)     demanding more than is actually due to avoid foreclosure.

25.     Plaintiff seeks actual damages, interest, and attorneys' fees caused by the breach of contract alleged herein.

### C.     Negligence and Gross Negligence

26.     Plaintiff re-alleges each of the allegations in paragraphs 1 through 25.

27.     Ocwen owed a duty of care to Plaintiff to adequately train and supervise its staff of loan collectors and servicing agents in the proper and legal servicing of mortgages, such as the mortgage owed by Plaintiff. Ocwen breached its duty to Plaintiff by (1) failing to adequately train and/or supervise its staff of loan collectors and servicing agents in the servicing of Plaintiff's mortgage by allowing the wrongful foreclosure of Plaintiff's property, and (2) providing financial incentives to those collectors and agents for moving properties, including Plaintiff's property, into foreclosure.

28.     Ocwen's negligence has proximately caused harm to Plaintiff's credit and actual damages for which Plaintiff seeks recovery.

29.     In addition, Ocwen's conduct and neglect was in such complete disregard for Plaintiff's credit history and rights in his property as to amount to malice and gross negligence for which Plaintiff seeks to recover punitive damages.

### D.     Intentional Infliction of Emotional Distress

30.     Plaintiff re-alleges each of the allegations in paragraphs 1 through 29.

31.     Ocwen's intentional and/or reckless actions reflect its sinister desire to confuse and, if necessary, intimidate Plaintiff in an effort to cause the wrongful foreclosure of Plaintiff's property, and for Plaintiff ultimately to lose his property. Ocwen's actions have been and continue to be extreme and outrageous, with a complete disregard for Plaintiff's rights, and have been carried out with the knowledge and sinister desire to sell Plaintiff's property covertly through a wrongful and illegal foreclosure. Ocwen's actions have caused severe emotional distress to Plaintiff, including embarrassment, fear, humiliation, and unnecessary and excessive worry.

### E.     Unreasonable Debt Collection Practices Under Texas Common Law

32.     Plaintiff re-alleges the allegations of paragraphs 1 through 31.

33. The actions of Ocwen in failing properly to account for Plaintiff's payments, failing to verify the debt on the request of Plaintiff, posting for foreclosure when Plaintiff was trying to pay off the debt, preventing Plaintiff from curing the claimed default, giving inconsistent accounting information on the amount of the debt, and generally failing to cooperate in allowing Plaintiff to refinance or sell his property, and therefore pay off his mortgage loan, constitute unreasonable debt collection practices under the common law of the State of Texas. Further, Plaintiff has suffered the emotional stress that naturally flows from a situation where a mortgage servicing company steps out of its role of servicing and tries to take a property wrongfully.

### F. Violations of the Texas Debt Collection Practices Act

34. Plaintiff re-alleges the allegations of paragraphs 1 through 33.

35. Ocwen is a debt collector for purposes of the Texas Debt Collection Practices Act ("TDCPA"). Its conduct violates the TDCPA. Its violation of the TDCPA entitles Plaintiff to actual damages and attorneys' fees under TDCPA §392.403.

### G. Breach of Fiduciary Duty

36. Plaintiff re-alleges each of the allegations in paragraphs 1 through 35.

37. Ocwen, as a servicing agent, stands in a fiduciary capacity with respect to Plaintiff's monthly payments and credits on Plaintiff's mortgage, escrow account, loan, insurance premiums and other related obligations. Ocwen has breached this duty for the numerous reasons stated above. Ocwen's conduct has caused Plaintiff's damages for which Plaintiff seeks to recover damages.

### H. Request for Declaratory Judgment

38. Plaintiff re-alleges each of the allegations in paragraphs 1 through 37.

39. Plaintiff requests a declaration as to the true amount, if any, owed by Plaintiff to Wells Fargo, or any other party, in connection with any note or deed of trust executed by Plaintiff for

the purchase of his property, and a declaration as to the amount Wells Fargo, or any other party should be required to reimburse, refund, or credit Plaintiff for fees and expenses wrongfully charged to Plaintiff's mortgage.

## I.   Punitive Damages

40.    Plaintiff re-alleges each of the allegations in paragraphs 1 through 39.

41.    The harm to Plaintiff was the result of Defendants' conduct, which was fraudulent, malicious, intentional, or, at a minimum, grossly negligent. For this, as well as Defendants' extreme and outrageous conduct, and misconduct with respect to fiduciary property, Plaintiff seeks to recover punitive damages from Defendants in excess of any statutory limit. In support for exceeding any applicable limits, Plaintiff will show that Defendants' acts constitute one or more felonies as set forth in Texas Civil Practice & Remedies Code § 41.008. All of these violations of the penal code were done knowingly and intentionally by Defendants to take advantage of Plaintiff and enrich Defendants.

## J.   Attorneys' Fees

42.    Plaintiff re-alleges the allegations of paragraphs 1 through 41.

43.    Plaintiff has been required to employ counsel to represent his interests as a direct result of Defendants' wrongful conduct. Plaintiff employed the undersigned attorneys and Plaintiff is obligated to pay, and seek the recovery of, the attorneys' reasonable fees for the services rendered on Plaintiff's behalf. Plaintiff has made demand on Defendants to cease this conduct, but to no avail.

## K.   Conditions Precedent

44.    Plaintiff re-alleges the allegations of paragraphs 1 through 43.

45.    All conditions precedent to recover on each of the causes of action alleged have occurred.

### L. **Demand for Jury Trial**

46.     Plaintiff hereby demands a jury trial and tenders the requisite fee.

### VI.
### Request for Disclosure

47.     Defendants are requested to disclose within fifty (50) days of this request the information or material described in Texas Rule of Civil Procedure 194.2(a) through (l). Pursuant to Rule 194.3, Defendants are required to serve a written response upon the requesting party within fifty (50) days after the service of the request.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and further prays as follows:

1.     Judgment against Defendants, jointly and severally, for actual damages sustained by Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court;

2.     Judgment against Defendants, jointly and severally, for cancellation of the indebtedness described hereinabove;

3.     Judgment against Defendants, jointly and severally, for punitive damages in an amount to be determined by the trier of fact;

4.     A declaration as to the true amount, if any, owed by Plaintiff to Wells Fargo, or any other party or non-party in connection with any note or deed of trust executed by Plaintiff for the purchase of the Property;

5.     Judgment for Plaintiff to recover reasonable and necessary attorneys' fees for bringing this case to trial and judgment, as well as a conditional award in the event of an appeal;

6.     Judgment for both pre-judgment interest and post-judgment interest on all actual,

---

special, and punitive damages and attorneys fees at the maximum interest rate allowed by law;

7.    Judgment for costs of Court; and

8.    Judgment for such other and further relief to which Plaintiff may be otherwise entitled.

Respectfully submitted,

**PIPKIN, OLIVER & BRADLEY, L.L.P.**

By:_____

William H. Oliver
State Bar No. 15265200
1020 Northeast Loop 410, Suite 810
San Antonio, Texas 78209
(210) 820-0082
(210) 820-0077 (facsimile)

**ELLIS, CARSTARPHEN, DOUGHERTY &**
**GOLDENTHAL P.C.**

Edward M. Carstarphen
State Bar No. 03906700
5847 San Felipe, Suite 1900
Houston, Texas 77057
(713) 647-6800
(713) 647-6884 (facsimile)

**HILLIARD & MUNOZ, L.L.P.**

Robert C. Hilliard
State Bar No. 09677700
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, TX 78401
(361) 882-1612
(361) 882-3015 (facsimile)

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT B-2

CAUSE NO. 74199CC

FILED FOR RECORD
KAUFMAN COUNTY
TEXAS

2001 SEP -7 AM 11: 50

SANDRA FEATHERSTON
DISTRICT CLERK

BY_____DEPUTY

| | | |
|---|---|---|
| ROBERT ARMSTRONG,<br>Plaintiff, | § <br> § <br> § | IN THE COUNTY COURT |
| v. | § <br> § | |
| OCWEN LOAN SERVICING, LLC,<br>AS SUCCESSOR BY MERGER WITH<br>OCWEN FEDERAL BANK, FSB,<br>WELLS FARGO BANK MINNESOTA,<br>N.A., AS TRUSTEE FOR AMRESCO<br>RESIDENTIAL SECURITIES<br>CORPORATION MORTGAGE LOAN<br>TRUST 1998-3, UNKNOWN HOLDERS<br>AND/OR OWNERS OF RESIDUAL<br>INTEREST IN SECURITIZATION OF<br>THE AMRESCO RESIDENTIAL<br>SECURITIES CORPORATION<br>MORTGAGE LOAN TRUST 1998-3,<br>RANDY DANIEL, AND SANDRA L.<br>DASIGNEIS, SUBSTITUTE TRUSTEES<br>Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | AT LAW (NO. 1) OF<br><br><br><br>KAUFMAN COUNTY, TEXAS |

## SPECIAL EXCEPTIONS AND ORIGINAL ANSWER OF OCWEN LOAN SERVICING, LLC, SUCCESSOR IN INTEREST TO OCWEN FEDERAL BANK FSB AND WELLS FARGO BANK MINNESOTA, N.A., AS TRUSTEE

For their answer to Plaintiff's First Amended Original Petition and Request for Disclosure ("Petition"), Defendants Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB[1] ("Ocwen") and Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for Amresco Residential Securities Corporation Mortgage Loan Trust 1998-3[2] ("Wells Fargo"), state as follows:

---

[1] Incorrectly named Ocwen Loan Servicing, LLC, as successor by merger with Ocwen Federal Bank, FSB. Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank, FSB is appearing and answering herein and is defending all claims against Ocwen Loan Servicing, LLC, as successor by merger with Ocwen Federal Bank, FSB.

[2] Incorrectly named Wells Fargo Bank Minnesota, N.A., as Trustee for Amresco Residential Securities Corporation Mortgage Loan Trust 1998-3. Wells Fargo Bank, N.A. successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for Amresco Residential Securities Corporation

# I. SPECIAL EXCEPTIONS

Under Texas Rules of Civil Procedure 90 and 91, Ocwen and Wells Fargo specially except to the following allegations contained in Plaintiff's Petition:

1.      Ocwen and Wells Fargo specially except to Plaintiff's Petition because Plaintiff failed to plead the maximum amount of damages claimed.  The Court "shall require the pleader to amend so as to specify the maximum amount claimed" upon exception.  TEX. R. CIV. P. 47.

2.      Ocwen and Wells Fargo specially except to Plaintiff's negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty claims because Plaintiff has not pleaded damages that are separate and apart from breach of contract damages.  "When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex. 1991).  There are no circumstances that could give rise to claims for negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty because Plaintiff's remedies and the duties of the parties arise from and are governed by contract, and thus Plaintiff's negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty claims cannot succeed and fail as a matter of law.

3.      Ocwen and Wells Fargo specially except to Plaintiff's intentional infliction of emotional distress claim because Plaintiff has failed to plead with sufficiency the facts and elements necessary to support such a claim.  In order to recover under a claim for intentional infliction of emotional distress, a plaintiff must show that (1) the defendant acted intentionally or recklessly; (2) the emotional distress suffered by the plaintiff was severe; (3) the defendant's conduct was extreme and outrageous; (4) the defendant's conduct proximately caused the

---

Mortgage Loan Trust 1998-3 is appearing and answering herein and is defending all claims against Wells Fargo Bank Minnesota, N.A., as Trustee.

plaintiff's emotional distress; and (5) there is no alternative cause of action that would provide a remedy for the severe emotional distress caused by the defendant. *See Hoffman-La Roche, Inc. v. Zeltwanger, 144* S.W.3d 438, 445 (Tex. 2004); *Tiller v. McLure,* 121 S.W.3d 709, 713 (Tex. 2003). Not only has Plaintiff failed to allege these elements, he has failed to set forth any supporting facts. For example, Plaintiff does not allege that no other cause of action provides a possible remedy for his alleged emotional distress. In fact, Plaintiff seeks recovery for his alleged "mental anguish" and "emotional stress" via his unreasonable debt collection practices TDCPA claims as well. Plaintiff has failed to plead all elements necessary to support an intentional infliction of emotional distress claim. Without this elemental and factual information, Ocwen and Wells Fargo do not have sufficient notice of the claims raised against them in order to prepare a proper defense. Therefore, Plaintiff should be required to replead, and, in the event that he fails to adequately do so, his intentional infliction of emotional distress claim should be stricken. Further, there are no circumstances that could give rise to a claim for intentional infliction of emotional distress because, among other things, Plaintiff has alternative causes of action that provide a basis of recovery for his alleged emotional stress, and thus Plaintiff's claim for intentional infliction of emotional distress cannot succeed and fails as a matter of law.

4.      Ocwen and Wells Fargo specially except to Plaintiff's breach of fiduciary duty claim because there is no special relationship or any other facts - pleaded or otherwise - that would support the imposition of a fiduciary duty on Ocwen. There are no circumstances that could give rise to a claim for breach of fiduciary duty, and thus Plaintiff's claim for breach of fiduciary duty cannot succeed and fails as a matter of law.

5.      Ocwen and Wells Fargo specially except to Plaintiff's wrongful foreclosure claim because Plaintiff has failed to plead with sufficiency the facts and elements necessary to support

such a claim. A claim for wrongful foreclosure requires that a foreclosure actually occurred. *See Wieler v. United Sav. Assn of Texas*, 887 S.W.2d 155, 158 (Tex. App.-Texarkana 1994, writ denied). Wrongful foreclosure requires that a plaintiff prove that irregularities in the foreclosure sale caused the property to be sold for a grossly inadequate price. *American Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1976); *Weiler*, 887 S.W.2d at 158. Plaintiffs did not allege this element. Without this elemental and factual information, Ocwen and Wells Fargo do not have sufficient notice of the claims raised against them in order to prepare a proper defense. Therefore, Plaintiff should be required to replead, and, in the event that he fails to adequately do so, his wrongful foreclosure claim should be stricken.

6. Ocwen and Wells Fargo specially except to Plaintiff's unreasonable debt collections practices under Texas common law claim because Plaintiff fails to state a cause of action upon which relief may be granted. Plaintiff has failed to plead with sufficiency the facts and elements necessary to support such a claim. *Woodrum v. Bradley*, 1990 Tex. App. LEXIS 2497, *10 (Tex. Civ. App. – Houston, Oct. 11, 1990, writ denied) ("Unreasonable collection efforts are defined as efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.") Accordingly, his claim for common law unreasonable debt collections practices should be struck.

7. Ocwen and Wells Fargo specially except to Plaintiff's Texas Debt Collection Practices Act, Tex. Fin. Code §§ 392.001, *et seq.* ("TDCPA"), claim because Plaintiff has failed to plead with sufficiency the facts and elements necessary to support such a claim. Ocwen and Wells Fargo also specially except to Plaintiff's TDCPA claim because Ocwen, and Wells Fargo are not "debt collectors" under the TDCPA. There are no circumstances that could give

4

rise to a claim under the TDCPA, and thus Plaintiff's TDCPA claim cannot succeed and fails as a matter of law.

## II.  GENERAL DENIAL

Subject to and without waiving the above Special Exceptions and pursuant to Rule 92 of the Texas Rules of Civil Procedure, Ocwen and Wells Fargo generally deny each and every allegation contained in the Petition and demand strict proof thereof.

## II.  AFFIRMATIVE DEFENSES

In addition, Ocwen and Wells Fargo plead the following affirmative defenses:

1.      Plaintiff's claims are barred because one or more of the material obligations of the notes and security instruments have not been satisfied.

2.      Plaintiff's claims are barred because he lacks standing.

3.      Plaintiff's claims are barred by the equitable doctrine of waiver.

4.      Plaintiff's claims are barred by the waiver provisions contained in the security instruments at issue in this lawsuit.

5.      Plaintiff's claims are barred by the doctrine of *de minimus non curat lex*.

6.      Plaintiff's claims are barred by the doctrines of unclean hands and *in pari delicto*.

7.      Plaintiff's claims are barred by the doctrine of unjust enrichment.

8.      Plaintiff's claims are barred by the doctrine of accord and satisfaction.

9.      Plaintiff's claims are barred by the election of rights doctrine.

10.     Plaintiff's claims are barred by the applicable statute of limitations.

11.     Any allegedly wrongful acts or omissions of Ocwen and Wells Fargo, if and to the extent such acts and omissions occurred, were legally excused or justified.

12.     Plaintiff's claims are barred by the "one satisfaction" doctrine.

13.     Plaintiff's claims are barred to the extent that he was contributorily and/or comparatively at fault for his damages.  Among other things, Plaintiff's own acts or omissions caused and/or contributed to his alleged damages.

14.     Plaintiff has failed to mitigate or minimize his damages.

15.     Plaintiff's claim for intentional infliction of emotional distress is barred because an alternative cause of action exists that would provide a remedy for Plaintiff's alleged emotional distress.

16.     Plaintiff's prayer for "cancellation of the indebtedness" at issue is barred by the United States and Texas Constitutions, including without limitation the Due Process Clause and the prohibitions on cruel and unusual punishments and excessive fines set forth in those Constitutions.

17.     Ocwen and Wells Fargo claim all offsets and credits available under Chapter 33 of the Texas Civil Practice and Remedies Code.

18.     Ocwen and Wells Fargo deny that all conditions precedent to a right of recovery have been satisfied.

19.     Plaintiff is not entitled to punitive damages, and any and all excessive amounts of punitive damages sought herein violate Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution and the Constitution of the United States of America, all of which set limits on punitive damages.

20.     Plaintiff's claims are barred, in whole or in part, by the doctrines of judicial estoppel, res judicata, and collateral estoppel.

21.     The Home Owners Loan Act of 1933 ("HOLA"), 12 U.S.C. § 1461 *et seq.,* and its

implementing rules and regulations (e.g., 12 C.F.R. § 560.2) preempts Plaintiff's claims in whole

or in part.  In particular, same preempts:

a.      the application of state laws to loan-related fees, including, without limitation, initial charges, late charges, pre-payment penalties, servicing fees and over-limit fees;

b.      processing, originating, servicing, sale or purchase of, or investment or participation in, mortgages;

c.      terms of credit; and

d.      state laws whose effect on the lending operations of Ocwen Federal Bank FSB were more than incidental.

### III.    PRAYER

Defendants Ocwen and Wells Fargo pray that (1) this Court deny each and every claim,

cause of action and request for damages asserted against them; (2) they be dismissed from this

action and that they recover their attorneys' fees and costs of court; and (3) they be granted any

other legal or equitable relief to which they may be entitled.

Respectfully submitted,

By: *Mark D. Cronenwett* w/ perm.
                         by lls
**MARK D. CRONENWETT**
State Bar Card No. 00787303

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 400
Dallas, Texas 75202
(214) 672-2000
(214) 672-2020 (fax)

      **LINDSAY L. STANSBERRY**
      State Bar Card No. 24041968

**COWLES & THOMPSON, P.C.**
1202 First Place
Tyler, Texas 75702
(903) 596-9000
(903) 596-9005 (fax)

**ATTORNEYS FOR DEFENDANT
OCWEN LOAN SERVICING, LLC,
SUCCESSOR IN INTEREST TO
OCWEN FEDERAL BANK FSB AND
WELLS FARGO BANK, N.A.**

8

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 6th day of September 2007, a true and correct copy of the foregoing document was delivered via certified mail, return receipt requested to the counsel of record listed below:

Edward M. Carstarphen, Esq.
Kori L. Westbrook, Esq.
ELLIS, CARSTARPHEN, DOUGHERTY & GOLDENTHAL, P.C.
5847 San Felipe, Suite 1900
Houston, TX   77057

William H. Oliver, Esq.
PIPKIN, OLIVER & BRADLEY, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, TX   78209

Robert C. Hilliard, Esq.
HILLIARD & MUNOZ, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, TX   78401

_____
LINDSAY L. STANSBERRY

# EXHIBIT B-3

CAUSE NO. 74199CC

| | | |
|---|---|---|
| ROBERT ARMSTRONG | § | IN COUNTY COURT AT LAW NO. 1 |
| | § | |
| V. | § | |
| | § | |
| OCWEN LOAN SERVICING, LLC, AS | § | |
| SUCCESSOR BY MERGER WITH | § | |
| OCWEN FEDERAL BANK, FSB, | § | |
| WELLS FARGO BANK MINNESOTA, | § | |
| N.A., AS TRUSTEE FOR AMRESCO | § | KAUFMAN COUNTY, TEXAS |
| RESIDENTIAL SECURITIES | § | |
| CORPORATION MORTGAGE LOAN | § | |
| TRUST 1998-3, UNKOWN HOLDERS | § | |
| AND/OR OWNERS OF RESIDUAL | § | |
| INTEREST IN SECURITIZATION OF | § | |
| THE AMRESCO RESIDENTIAL | § | |
| SECURITIES CORPORATION | § | |
| MORTGAGE LOAN TRUST 1998-3, | § | |
| RANDY DANIEL and SANDRA L. | § | |
| DASIGENIS, SUBSTITUTE TRUSTEES | § | |

## DEFENDANT SANDRA L. DASIGENIS' ORIGINAL ANSWER, VERIFIED DENIAL, AND AFFIRMATIVE DEFENSES

SANDRA L. DASIGENIS, SUBSTITUTE TRUSTEE, ("Defendant" or "DASIGENIS"), a Defendant herein, files this Original Answer, Verified Denial and Affirmative Defenses, and would respectfully show as follows:

## I.
## GENERAL DENIAL

1.     Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant generally denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and Request for Disclosure, and upon final trial or hearing hereof will require strict proof in accordance with the laws of the State of Texas and the United States Constitution.

1129549:DASS-0001

## II.
## VERIFIED DENIAL

2.    Alternatively, and without waiving any other defense asserted herein, Defendant asserts that she is not a necessary party to this litigation because she has been named as a defendant exclusively in her capacity as a substitute trustee under a deed of trust or security instrument. Plaintiff has no valid justification for asserting that he is suing Defendant in her individual capacity. Each purported cause of action would only arise out of Defendant's alleged conduct in the course of acting as a substitute trustee. Plaintiff's assertion otherwise is nothing more than an empty argument contrived to avoid diversity jurisdiction and, thus, removal to federal court.

3.    Alternatively, and without waiving any other defense asserted herein, Defendant is not liable to Plaintiff because she is not liable to Plaintiff in the capacity in which she has been sued. Defendant believes that she was added as a defendant solely in her disclosed capacity as the agent of Ocwen Loan Servicing, LLC, as successor by merger with Ocwen Federal Bank, FSB. It is well established that, except for certain limited circumstances, none of which has been alleged by Plaintiff, an agent acting for a disclosed principal is not liable to third parties for actions performed in its capacity as agent. See *Instone Travel Tech Marine & Offshore v. International Shipping Partners, Inc.,* 334 F. 3d 423, 428 (5th Cir. 2003).

## III.
## AFFIRMATIVE DEFENSES

3.    Each of the affirmative defenses below is pled in the alternative, but only to the extent required:

4.    Even if Plaintiff's claims are true, such claims are barred in whole or part by applicable statutes of limitations.

2

5.      Even if Plaintiff's claims are true, such claims are barred in whole or part because Plaintiff's damages, if any, are due to his own breach of the terms of the contract made the basis of this lawsuit.

6.      Even if Plaintiff's claims are true, such claims are barred in whole or part because Plaintiff's own negligence proximately caused Plaintiff's damages, if any.

7.      Even if Plaintiff's claims are true, such claims are barred in whole or part because the damages complained of by Plaintiff, if any, were contributed to by the fault, negligence and the non-performance of contractual obligations by him.

8.      Even if Plaintiff's tort claims are true, such claims are barred in whole or part to the extent such claims are in the nature of a breach of contract.

9.      Plaintiff's claims are groundless and brought in bad faith, entitling Defendant to costs and reasonable attorney's fees incurred in defending this action.

10.     Even if Plaintiff's claims are true, which is denied, Defendant is not a debt collector.

11.     Even if Plaintiff's claims are true, which is denied, damages, if any, were caused by a person or entity not within the control of this Defendant and for whom/which this Defendant has no responsibility.

12.     Without waiving any other defense asserted herein, defendant affirmatively alleges that, inasmuch as the plaintiff prays for punitive or exemplary damages, such damages are unavailable and should be denied because any award of such damages would violate the Due Process, Excessive Fines, Equal Protection, and/or other guarantees set forth in the Fifth, Eighth and Fourteenth Amendments, and other provisions of the Constitution of the United States;

3

Article I, §19; Article I, §13; Article I, §3; and other provisions of the Constitution of the State of Texas, or any combination of these guarantees.

WHEREFORE, Defendant, SANDY DASIGENIS, SUBSTITUTE TRUSTEE, requests that Plaintiff take nothing by his suit and that Defendant SANDY DASIGENIS, SUBSTITUTE TRUSTEE, have and recover costs, together with such other and further relief, general or special, legal or equitable, to which she may be justly entitled.

Respectfully submitted,

HUGHES, WATTERS & ASKANASE, L.L.P.

By: _____

Lindsay Lambert          TBN #11844225
James E. Potts           TBN #24056159
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834

ATTORNEYS FOR DEFENDANT, SANDRA L. DASIGENIS, SUBSTITUTE TRUSTEE

4

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of September, 2007, a true and correct copy of the foregoing was forwarded by U. S. Certified Mail, return receipt requested and by U. S. First Class Mail, to:

William H. Oliver
Pipkin, Oliver & Bradley, L.L.P.
1020 Northeast Loop 410, Ste. 810
San Antonio, Texas 78209

Edward M. Carstarphen
Kori L. Westbrook
Ellis, Carstarphen, Dougherty & Goldenthal, P.C.
5847 San Felipe, Ste. 1900
Houston, Texas 77057

Robert C. Hilliard
Hilliard & Munoz, L.L.P.
719 S. Shoreline Blvd., Ste. 500
Corpus Christi, Texas 78401

Lindsay Lambert

## VERIFICATION

THE STATE OF TEXAS       §
                                  §

COUNTY OF HARRIS      §

On this day Sandra L. Dasigenis appeared before me, the undersigned notary public. After I administered an oath to her, upon her oath she said that she read Sandra L. Dasigenis' Original Answer, Verified Denial, and Affirmative Defenses and that the facts stated in the Verified Denial at ¶¶ 2 and 3 are within her personal knowledge and are true and correct.



Sandra L. Dasigenis

SWORN TO and SUBSCRIBED before me by Sandra L. Dasigenis on SEPT 12 _____, 2007.

```
STEVE LEVA
Notary Public, State of Texas
My Commission Expires
September 29, 2010
```

Notary Public in and for the STATE OF TEXAS

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT ARMSTRONG,                        )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        Civil Action No.
                                         )
OCWEN LOAN SERVICING, LLC, AS            )
SUCCESSOR BY MERGER WITH                 )
OCWEN FEDERAL BANK, FSB,                 )
WELLS FARGO BANK MINNESOTA,              )
N.A., AS TRUSTEE FOR AMRESCO             )
RESIDENTIAL SECURITIES                   )
CORPORATION MORTGAGE LOAN                )
TRUST 1998-3, UNKNOWN HOLDERS            )
AND/OR OWNERS OF RESIDUAL                )
INTEREST IN SECURITIZATION OF            )
THE AMRESCO RESIDENTIAL                  )
SECURITIES CORPORATION                   )
MORTGAGE LOAN TRUST 1998-3,              )
RANDY DANIEL, AND SANDRA L.              )
DASIGENIS, SUBSTITUTE TRUSTEES,          )
                                         )
        Defendants.                      )

## CONSENT TO REMOVAL

COMES NOW Defendant Sandra L. Dasigenis, Substitute Trustee and, by and through

the undersigned counsel, hereby expressly consents to the removal of this action by Defendants

Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB, and Wells

Fargo Bank, N.A.[1], successor by merger to Wells Fargo Minnesota, N.A., as Trustee f/k/a

Norwest Bank Minnesota, N.A., as Trustee for Amresco Residential Securities Corporation

Mortgage Loan Trust 1998-3 to this Court from the District Court of Kaufman County, Texas.

---

[1] Incorrectly named Wells Fargo Bank Minnesota, N.A. Wells Fargo Bank, N.A., successor by merger to Wells Fargo Minnesota, N.A., is defending all claims against Wells Fargo Bank Minnesota, N.A.

Sandra L. Dasigenis, Substitute Trustee, is an individual and resident of Texas.

Dated: September 12 , 2007

Respectfully Submitted,

By: _____

**LINDSAY L. LAMBERT**
State Bar No. 11844225

Attorney for
SANDRA L. DASIGENIS, SUBSTITUTE
TRUSTEE

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| ROBERT ARMSTRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| OCWEN LOAN SERVICING, LLC, AS | ) |
| SUCCESSOR BY MERGER WITH | ) |
| OCWEN FEDERAL BANK, FSB, | ) |
| WELLS FARGO BANK MINNESOTA, | ) |
| N.A., AS TRUSTEE FOR AMRESCO | ) |
| RESIDENTIAL SECURITIES | ) |
| CORPORATION MORTGAGE LOAN | ) |
| TRUST 1998-3, UNKNOWN HOLDERS | ) |
| AND/OR OWNERS OF RESIDUAL | ) |
| INTEREST IN SECURITIZATION OF | ) |
| THE AMRESCO RESIDENTIAL | ) |
| SECURITIES CORPORATION | ) |
| MORTGAGE LOAN TRUST 1998-3, | ) |
| RANDY DANIEL, AND SANDRA L. | ) |
| DASIGENIS, SUBSTITUTE TRUSTEES, | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF CHOMIE NEIL

I, Chomie Neil, do hereby declare under penalty of perjury that the following is true and correct:

1.       I am currently employed by Ocwen Loan Servicing, LLC ("Ocwen Loan Servicing"), successor in interest to Ocwen Federal Bank FSB ("Ocwen Federal Bank"), as a Senior Loan Analyst.  I held the position of research specialist from 1999 until July 2005 with Ocwen Federal Bank and held this position at Ocwen Loan Servicing until being promoted to Senior Loan Analyst in May 2006.  I have reviewed the complaint in the above-entitled action.

# EXHIBIT E

1

1        R E P O R T E R'S  R E C O R D.

2            VOLUME ___ OF ___

3          TRIAL CAUSE NO. 04CV1469

4

5   SEALY DAVIS          .  IN THE DISTRICT COURT OF

6                   .

7   VS.              .  GALVESTON COUNTY, TEXAS

8                   .

9   OCWEN FEDERAL BANK   .  212TH JUDICIAL DISTRICT

10

11   ─────────────────────────────

12            TRIAL

13   ─────────────────────────────

14      On the 23rd day of November 2005, the following

15   proceedings came on to be heard in the above-entitled

16   and numbered cause before the Honorable Susan E. Criss,

17   Judge Presiding, held in Galveston, Galveston County,

18   Texas:

19      Proceedings reported by Stenographic machine.

20

21

22

USCA5 223

61

1    And I will just close off -- Only if I

2    had more time. I thank you your very careful

3    attention. I believe that juries are conscientious. I

4    have never been in front of one that wasn't. I have

5    watched y'all pay attention to the exhibits. I have

6    watched y'all take notes and I know that you will be --

7    you have demonstrated all along that you have been

8    conscientious and I know you will be back in the jury

9    room deliberating as well. Thank you.

10    THE COURT: Before our break Mr. Bertini

11    was telling me -- do you want to go ahead and do yours.

12    MR. BERTINI: I need to go to the

13    restroom.

14    THE COURT: All right. Let's go ahead

15    and take a break.

16    (Recess)

17    THE COURT: Mr. Bertini?

18    MR. BERTINI: Mr. Hilliard and

19    Mr. Madole have just told you that my clients did

20    nothing in this case. I'm not about to argue with

21    that. I would have done that before the break but I

JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Robert Armstrong | Ocwen Loan Servicing, LLC, et al. |

**3-07CV1571-D**

| (b) County of Residence of First Listed Plaintiff    Kaufman | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

RECEIVED

SEP 1 3 2007

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| William H. Oliver, Pipkin Oliver & Bradley, LLP, 1020 NE Loop 410, Ste. 810, San Antonio, TX 78209, 210.820.0082 | Mark D. Cronenwett, Cowles & Thompson, PC, 901 Main ST., Ste. 4000, Dallas, TX 75202, 214.672.2000 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: 28 USC 1332a, Borrower on a loan disputes actions by the servicer of the loan.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED

(See instructions): JUDGE      DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 9/13/2007 | Mark D. Cronenwett w/ perm. by US |

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

# United States District Court
## Northern District of Texas

3-07 CV 1571 - D

RECEIVED
SEP 1 3 2007
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## Supplemental Civil Cover Sheet For Cases Removed From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk=s Office.  Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | County Court at Law No. 1, Kaufman County, Texas | 74199CC |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

   | Party and Party Type | Attorney(s) |
   |---|---|
   | Robert Armstrong, Plaintiff | William H. Oliver<br>Bar No. 15265200<br>Pipkin, Oliver & Bradley, LLP<br>1020 Northeast Loop 410, Ste. 810<br>San Antonio, TX 78209<br>210.820.0082<br><br>Edward M. Carstarphen<br>Bar No. 03906700<br>Kori L. Westbrook<br>Bar No. 24037695<br>Ellis, Carstarphen, Doughterty & Goldenthal<br>5847 San Felipe, Ste. 1900<br>Houston, TX 77057<br>713.647.6800<br><br>Robert C. Hilliard<br>Bar No. 09677700<br>Hilliard & Munoz, LLP |

|  | 719 S. Shoreline Blvd. Ste. 500<br>Corpus Christi, TX 78401<br>361.882.1612 |
|---|---|
| Ocwen Loan Servicing, LLC, successor in<br>interest to Ocwen Federal Bank, FSB,<br>Defendant | Mark D. Cronenwett<br>Bar No. 00787303<br>Cowles & Thompson<br>901 Main ST., Ste. 4000<br>Dallas, TX 75202<br>214.672.2000<br><br>Lindsay L. Stansberry<br>Bar No. 24041968<br>Cowles & Thompson<br>1202 First Place<br>Tyler, TX 75702<br>903.596.9000 |
| Wells Fargo Bank, N.A., successor by<br>merger to Wells Fargo Bank<br>Minnesota, N.A., as Trustee for<br>Amresco Residential Securities<br>Corporation Mortgage Loan Trust<br>1998-3,<br>Defendant | Mark D. Cronenwett<br>Bar No. 00787303<br>Cowles & Thompson<br>901 Main ST., Ste. 4000<br>Dallas, TX 75202<br>214.672.2000<br><br>Lindsay L. Stansberry<br>Bar No. 24041968<br>Cowles & Thompson<br>1202 First Place<br>Tyler, TX 75702<br>903.596.9000 |
| Sandra L. Dasigenis, Substitute Trustee,<br>Defendant | Lindsay L. Lambert<br>Bar No. 11844225<br>Hughes Watters Askanase, LLP<br>Three Allen Center<br>333 Clay, 29th Floor<br>Houston, TX 77002<br>713.759.0818 |

3.    **Jury Demand:**

Was a Jury Demand made in State Court?          ☑ Yes          ☐ No

If "*Yes*," by which party and on what date?

____Plaintiff_____          ___8/20/2007_____
Party                                                          Date

**Supplemental Civil Cover Sheet**
**Page 2**

4.      **Answer:**

Was an Answer made in State Court?          ☑ Yes          ☐ No
If "*Yes*," by which party and on what date?

    Ocwen Loan Servicing, LLP             9/6/2007
Party                                                                                      Date

    Sandra L. Dasigenis             9/12/2007
Party                                                                                      Date

5.      **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| **Party** | **Reason(s) for No Service** |
|---|---|
| Randy Daniel, Substitute Trustee | Unknown. |

6.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| **Party** | **Reason** |
|---|---|
| None. | |

7.      **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| **Party** | **Claim(s)** |
|---|---|
| Plaintiffs | Borrower on a loan contests various aspects of the servicing of the loan. |
| Defendants | All defendants deny the allegations against them and believe all actions in servicing the loan were legal and justified. |